| IN RE: | THEODORE JAY WELLS | : | CHAPTER 13 |
|---|---|---|---|
| | Debtor | : | |
| | | : | |
| | JACK N. ZAHAROPOULOS | : | |
| | CHAPTER 13 TRUSTEE | : | |
| | Movant | : | |
| | | : | |
| | vs. | : | |
| | | : | |
| | THEODORE JAY WELLS | : | |
| | Respondent | : | CASE NO: 1:26-BK-00949-HWV |

**TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN**

COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtor's plan for the following reason(s):

1. Debtor's Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507 as to claim #2.

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

3. Debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9) as to local taxes for years 2022 through 2025.

4. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following: Debtor has not provided to Trustee a copy of his 2025 federal income tax returns as required by § 521(e)(2)(A).

5. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following: Debtor has not provided to Trustee a copy of Debtor(s)' credit report.

6. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts: Plan payment calculation sum of Lines 34, 35, 36 and 45.

7. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts: Health care. Trustee requests verification of the amount on Lines 7 and 22.

8. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following: Line 34 arrears are paid via the Plan. Therefore, they do not reduce the means test minimum.

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtor's plan.
    b. Dismiss or convert Debtor's case.
    c. Provide such other relief as is equitable and just.

Dated: June 25, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos
_____

Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. HALEY ROHRBAUGH
CGA LAW FIRM, P.C.
135 NORTH GEORGE ST
YORK, PA  17401

Dated: June 25, 2026                    /s/ Tanya Scannelli

                                        Office of Jack N. Zaharopoulos
                                        Standing Chapter 13 Trustee